IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALLACE D. COWARD, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-1619 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**RUFE, J.**                                                                                                                                                                                                                                                                  **June 29, 2021**

      Currently before the Court is a Complaint filed by Plaintiff Wallace D. Coward, a pretrial detainee incarcerated at the Philadelphia Industrial Correctional Center ("PICC"), which raises claims pursuant to 42 U.S.C. § 1983. Coward seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Coward leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.    FACTUAL ALLEGATIONS[1]**

      Coward names the following Defendants in this action: (1) the City of Philadelphia; (2) the Curran-Fromhold Correctional Facility, referred to as "CFCF"; (3) PICC; (4) an unidentified correctional officer at CFCF; and (5) C. Jones, a correctional officer at PICC. The individual officers are only sued in their official capacities. (ECF No. 2 at 3.)[2]

      Coward's factual allegations are brief. His claims are based on two incidents. First, he alleges that on July 23, 2019, while he was incarcerated at CFCF, certain of his property was

---

[1] The following allegations are taken from Coward's Complaint. Coward attached grievances to his Complaint as exhibits, but many of those grievances are difficult to read.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

lost. (*Id.* at 5-6.) He claims that he surrendered his property at the receiving room window, and that his bible, glasses, dentures and wallet were lost. (*Id.* at 6 & 8.) Second, Coward alleges that on December 4, 2019 at PICC, Defendant Jones, while acting in anger, pushed him into a metal door frame, which injured Coward's shoulder. (*Id.* at 5-6.) Coward indicates that he did not receive medical attention for his injury. (*Id.* at 6.) He seeks damages for his lost property and injury to his shoulder. (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Court grants Coward leave to proceed *in forma pauperis* because it appears that he is unable to prepay the fees to commence this lawsuit.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Coward is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[3] However, as Coward is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Coward has not stated a claim against the Defendants.

### A. CFCF and PICC

Among the Defendants named in this action are the two Philadelphia jails where the events giving rise to Coward's claims took place, CFCF and PICC. However, a jail is not a "person" subject to liability under § 1983. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)). Accordingly, the Court will dismiss any claims against these Defendants with prejudice.

### B. Claims Based on Loss of Property at CFCF

Coward brings claims based on the loss of his property at CFCF against an unknown correctional officer in his official capacity and the City of Philadelphia. Claims based on the loss of property are best construed as due process claims. However, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Additionally, even if the loss of Coward's property was deliberate, there is no basis for a due process claim because Pennsylvania law provides Coward with an adequate state remedy to compensate him for an intentional deprivation of property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011)

(per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Accordingly, Coward cannot state a constitutional claim based on these events, so the Court will dismiss claims based on the loss of his property with prejudice.[4]

### C. Claims Based on Excessive Force at PICC

The Court construes Coward's remaining claim as one for excessive force raised against Officer Jones in his official capacity and the City of Philadelphia. Since it appears Coward was a pretrial detainee at the time of the incident, the Due Process Clause of the Fourteenth Amendment governs his claim. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To state a due process violation based on excessive force, a detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397. This list is not exclusive. *Id.*

To state a § 1983 claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). A plaintiff may also state a basis for municipal

---

[4] Although the Court will dismiss Coward's federal claims with prejudice, the Court takes no position as to any possible state law claims Coward may have based on the loss of his property.

liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Official capacity claims are indistinguishable from claims against the entity that employs the official. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). Accordingly, Coward's claim against Officer Jones in his official capacity is duplicative of his claim against the City and will be analyzed under the same standards.

Here, nothing in the Complaint suggests that the claimed constitutional violation — Jones's alleged excessive use of force — stemmed from a municipal policy or custom or municipal deliberate indifference. Since Coward only sued the City and Jones in his official capacity, and since he has not alleged a basis for municipal liability, he has not alleged a plausible basis for proceeding against these Defendants on his excessive force claim.[5] However,

---

[5] To the extent Coward intended to bring a claim based on his allegation that he did not receive medical attention for his shoulder, his claim fails because he has not alleged that any prison officials were deliberately indifferent to his serious medical needs nor has he alleged that any failure to provide medical attention was due to a municipal policy or custom. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (to state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs); *Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

Coward will be given leave to file an amended complaint as to this claim in the event he can set forth a basis for proceeding.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Coward leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will dismiss Coward's claims against CFCF and PICC, and his claims based on the loss of his property at CFCF with prejudice because Coward cannot cure the defects in those claims. However, Coward will be given leave to file an amended complaint as to his claims based on the events at PICC. An Order, which provides further instruction on amendment, will be entered.