IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALLACE D. COWARD,<br>    Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 21-CV-1619 |
| CITY OF PHILADELPHIA, *et al.*,<br>    Defendants. | : : | |

**MEMORANDUM**

**RUFE, J.**                                                                                           **SEPTEMBER 13, 2021**

Currently before the Court is an Amended Complaint filed by Plaintiff Wallace D. Coward, a pretrial detainee incarcerated at the Philadelphia Industrial Correctional Center ("PICC"), which raises claims pursuant to 42 U.S.C. § 1983 based on an incident at PICC. For the following reasons, the Court will dismiss the Amended Complaint in part.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Coward's initial Complaint named the following Defendants: (1) the City of Philadelphia; (2) the Curran-Fromhold Correctional Facility ("CFCF"); (3) PICC; (4) an unidentified correctional officer at CFCF; and (5) C. Jones, a correctional officer at PICC. The individual officers were only sued in their official capacities. (ECF No. 2 at 3.)[1] Coward alleged that on July 23, 2019, while he was incarcerated at CFCF, certain of his property was lost. (*Id.* at 5-6 & 8.) He also alleged that on December 4, 2019 at PICC, Defendant Jones pushed him into a metal door frame, injuring Coward's shoulder. (*Id.* at 5-6.) Coward sought damages for his lost property and injury to his shoulder. (*Id.* at 6.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1

In a June 29, 2021 Memorandum and Order, the Court granted Coward leave to proceed *in forma pauperis* and dismissed his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF Nos. 7 & 8.)  First, the Court dismissed Coward's claims against CFCF and PICC with prejudice because jails are not "persons" subject to liability under § 1983. (ECF No. 7 at 3.)  Second, the Court dismissed with prejudice any claims based on the loss of Coward's property because state law provided Coward with an adequate post-deprivation remedy for his loss.  (*Id.* at 3-4.)  Finally, the Court dismissed Coward's remaining excessive force claims against the City of Philadelphia and Officer Jones — which were treated identically because Coward only sued Jones in his official capacity — since Coward failed to allege that a policy or custom of the City caused the claimed constitutional violation.  (*Id.* at 4-6.)  Coward was given leave to file an amended complaint "as to his claims based on the events at PICC." (*Id.* at 6.)

Coward returned with an Amended Complaint naming as Defendants the City of Philadelphia, PICC, and C. Jones. (ECF No. 9 at 1-2.)  The factual allegations of the Amended Complaint are similar to those in the initial Complaint.  Coward alleges that on December 4, 2019 at 11:50 a.m., he was attempting to make a phone call to his wife when Jones, a correctional officer at PICC, hung up the phone and ordered Coward into his cell.  (*Id.* at 4 & 6.) Coward alleges that he asked another officer to open his cell door, began walking toward his cell, and that Jones pepper sprayed him in the back of the head once Coward reached his cell.  (*Id.*) Coward turned to face Jones, who then pepper sprayed Coward in his face.  (*Id.*)  While Jones was escorting Coward to the medical department for decontamination, he pushed Coward into a metal door frame, causing injury to Coward's rotator cuff by exacerbating a prior tear.  (*Id.* at 4-6.)  Coward received medical treatment for his rotator cuff.  (*Id.* at 5.)

## II. STANDARD OF REVIEW

Since Coward is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Coward is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Coward has not stated a claim against the Defendants.

### A. Claims Against PICC

Coward has again named PICC as a Defendant in this case. However, as previously noted in the Court's June 29, 2021 Memorandum, a jail is not a "person" subject to liability under § 1983. (ECF No. 7 at 3 (citing *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014)). Accordingly, the Court will again dismiss any claims against PICC with prejudice because it is not an entity subject to liability in this case.

### B. Claims Against City of Philadelphia and Jones in his Official Capacity

Coward's claims against the City of Philadelphia and Jones in his official capacity are based on allegations of excessive force. These claims fail for the same reasons Coward's claims in his initial Complaint failed.

The legal concepts governing these claims are the same the Court discussed in its June 29, 2021 Memorandum. (ECF No. 7 at 4-6.) To state a § 1983 claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Nothing in the Amended Complaint suggests that the claimed constitutional violation — Jones's alleged excessive use of force — stemmed from a municipal policy or custom or municipal deliberate indifference. Since Coward has not alleged a basis for municipal liability, he has not alleged a plausible basis for proceeding against the City of Philadelphia, or Officer

Jones in his official capacity,[2] on his excessive force claim. Accordingly, the Court must dismiss these claims.

### C. Claims Against Jones in his Individual Capacity

Jones was identified as a Defendant on the second page of the Complaint, and Coward did not check the box indicating a desire to sue Jones in his individual capacity. (ECF No. 9 at 1-2.) However, "[t]o determine whether a plaintiff sued [government] officials in their official capacity, 'we first look to the complaints and the course of proceedings.'" *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) (quoting *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991)). However, based on the allegations that Coward has made, it is clear that he seeks relief for Officer Jones's alleged use of excessive force.

To state a due process violation based on excessive force, a detainee must allege facts to suggest plausibly that "that the force purposely or knowingly used against him was objectively unreasonable."[3] *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the

---

[2] Official capacity claims are indistinguishable from claims against the entity that employs the official. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). Accordingly, Coward's claim against Officer Jones in his official capacity is duplicative of his claim against the City and will be analyzed under the same standards.

[3] Since Coward was a pretrial detainee at the time of the incident (*see* ECF 9 at 4), the Due Process Clause of the Fourteenth Amendment governs his claim. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397.  This list is not exclusive. *Id.*

Coward alleges that he was pepper sprayed in the back of his head and in his face, while he was walking to his cell, and then was pushed into a metal door frame which injured his rotator cuff. There allegations are sufficient to make a claim for use of excessive force against Officer Jones in his individual capacity. Coward may proceed against Officer Jones in his individual capacity.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint as to Defendants City of Philadelphia, PICC, and Officer Jones in his official capacity for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Coward's Amended Complaint may proceed against Officer Jones in his individual capacity. If Coward wishes to assert the *Monell* claims dismissed here, Coward may file a motion for leave to amend and submit with it an amended complaint which plausibly alleges the existence of a policy or custom which caused the asserted constitutional violations. An Order follows.